**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CRIMINAL ACTION NO. |
| : | 3:18cr311 (JCH) |
| v. : | |
| : | |
| MARITZA TORRES, : | MARCH 17, 2023 |
|    Defendant. : | |

**ORDER GRANTING MOTION FOR EARLY TERMINATION OF PROBATION**
**(DOC. NO. 363) EFFECTIVE APRIL 27, 2023**

The defendant, Maritza Torres ("Torres"), filed a Motion for Early Termination of Probation on December 21, 2022. See Motion for Early Termination of Supervised Release (Doc. No. 363). Since her sentencing, Torres has been fully compliant (except for a positive test for THC in October 2021). She has engaged in counseling, including continuing in counseling after she qualified for discharge. She completed her community service, she remained, as she had all through the Covid pandemic, employed as a nursing assistant until the birth of her child in August of 2022. Her child was born premature with health complications following, and she has withdrawn from employment at this time to care for her child.

Section 3564(c) of title 18 of the United States Code provides that the Court may, after considering the sentencing factors set forth in 18 U.S.C. 3553(a): "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

The government opposed the Motion and has cited to a number of cases applying a standard not found in the statute.  Government's Memorandum in Opposition (Doc. No. 365) at 3-4.  "If the defendant presents no new or exceptional circumstances, early termination is not warranted." Id. at 3.  (citing USA v. Herrera, 1998 WL 684471 at *2  (S.D.N.Y., Sept. 30, 1998)).  ("Although Herrera seems to have adjusted well to probation, there are no new or exceptional circumstances sufficient to warrant a termination of his probation term").  While a number of district courts have used this language in denying termination or probation, this court does not see a basis for this standard.  The statute provides that the court look at the defendant's conduct and the interest of justice.

Torres has been on pretrial and probation supervision for nearly four years.  She has done what has been asked of her.  She is in no further need of treatment other than the counseling she has wisely decided to continue with.

Consideration of the section 3553(a) factors, albeit not required, supports the grant of the Motion.  The court will not repeat its analysis of the factors here, except to say that the nature and circumstances of the offense took it well outside of the sentencing guidelines.  Having received counseling and continued on a different life's path while on probation, the need for the sentence is diminished.

For all the reasons stated herein, the court exercises its discretion and grants the Motion to Terminate Probation (Doc. No. 363), effective April 27, 2023, if no violations of probation occur up to that date.

**SO ORDERED.**

Dated at New Haven, Connecticut this 17th day of March 2023.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge